IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| MARSHALL McCLAIN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>HEALTHPLANONE, LLC<br><br>Defendant. | Case No. |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. As the Fourth Circuit Court of Appeals has explained, "[t]elemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9)"

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Marshall McClain ("Mr. McClain") brings this action under the TCPA alleging that HealthPlanOne, LLC ("HealthPlanOne") sent telemarketing calls promoting their goods and services, including to individuals who were on the National Do Not Call Registry. Such calls were made without the call recipient's prior express written consent.

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff is an individual.

7. Defendant HealthPlanOne, LLC is a limited liability company with its principal place of business in this District.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. HealthPlanOne, LLC is subject to personal jurisdiction as it is headquartered in this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were organized from this District.

## The Telephone Consumer Protection Act

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15. HealthPlanOne provides insurance services to consumers.

16. HealthPlanOne uses telemarketing to promote its products and solicit new clients.

17. Indeed, HealthPlanOne has already been sued for telemarketing conduct previously. *See McHugh v. HealthPlanOne, LLC*, Civil Action No. 22-cv-1080 (D. Ct.).

18. Mr. McClain received multiple telemarketing calls from HealthPlanOne, including on November 30, December 7, 2024 and January 6, 2025 (twice).

19. The calls were received on 443-409-XXX.

20. That is the Plaintiff's residential telephone number.

21. That number is not associated with a business and is used for personal purposes.

22. That number has been on the National Do Not Call Registry since October 24, 2024.

23. Both calls stated that they were calling from Clear Match Medicare.

24. The ClearMatch Medicare website is operated by HealthPlanOne.

25. The calls advertised supplemental Medicare services.

26. HealthPlanOne would sell, for a fee, insurance services not completely covered by Medicare.

27. The Plaintiff was not interested in the service and told them he was not interested on the November 30, 2024 call.

28. Despite that, the Plaintiff received subsequent calls.

29. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

30. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Statement

31. Plaintiff brings this action on behalf of himself and the following Classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) or (b)(3).

32. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from four years prior to the filing of the case through the date of class certification.

33. Plaintiff McClain is a member of the Do Not Call Registry Class.

34. The Plaintiff will fairly and adequately represent and protect the interests of this classes as he has no interests that conflict with any of the class members.

35. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

36. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

37. The Class as defined above are identifiable through the Defendant' dialer records, other phone records, and phone number databases.

38. Plaintiff do not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

39. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

40. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

42. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant made telemarketing calls to numbers on the National Do Not Call Registry Class;

    (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.

44. Plaintiff have no interests which are antagonistic to any member of the Class.

45. Plaintiff have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

47. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

48. Plaintiff McClain repeats and incorporates the prior allegations as if fully set forth herein.

49. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

50.     The Defendant's violations were negligent, willful, or knowing.

51.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

52.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling cellular telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message or making telemarketing calls to numbers on the National Do Not Call Registry in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding

that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

    D.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

    Plaintiff,
    By Counsel,

    By: */s/ Anthony Paronich*
    Anthony I. Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    (617) 485-0018
    anthony@paronichlaw.com